UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACIE DAVIS, | Case No. C19-1380 RSM |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| 76 STOP STORE STORE OWNER(S), *et al.*, | |
| Defendants. | |

The instant matter comes before the Court *sua sponte* and on the Court's prior Order to Show Cause, Dkt. #11. *Pro se* Plaintiff Stacie Davis has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #7. She filed three complaints in this action on August 29, 2019. Dkts. ##1-1, 1-2, and 1-3. In response to the Court's Order to specify her intended proposed complaint, she filed two additional complaints. *See* Dkts. #6-1; #6-2. Summonses have not yet been issued.

Plaintiff brings suit against the following defendants: (1) 76 Stop Store Store Owner(s); (2) Greg C. Farland, the CEO of Phillips 66 HQ; (3) Carmen Best, the Seattle Police Department Chief of Police; (4) Seattle Mayor Jenny A. Durkan; and (5) Phillips 66 HQ Corporation. Read together, Plaintiff's complaints allege an incident occurring around 11:00 pm on January 1, 2019

ORDER OF DISMISSAL - 1

at a 76 Stop Store/Phillips 66 Store in Seattle, Washington. Plaintiff claims that the store clerk yelled at and attacked her but, after Plaintiff called the Seattle police, officers never arrived on the scene. Dkt. #8-3 at 6-7. Plaintiff brings claims against both the store owner and the CEO of Phillips 66 HQ for not having another clerk available to assist Plaintiff at the time of the assault nor "having a backup plan in place" following the assault. *Id.* at 5. Plaintiff also brings claims against Mayor Durkan for failing to ensure the Seattle police followed up on her assault case, and Seattle Police Chief Best for failing to make an arrest based on Plaintiff's alleged assault and injury. Dkt. #8-2 at 6. The store clerk that allegedly attacked Plaintiff is not listed among the defendants. *See* Dkt. #8-2 at 2; Dkt. #8-3 at 2; Dkt. #8-4 at 2.

Plaintiff checked the box for "federal question" as the basis for this Court's jurisdiction but left blank a section in each of her complaints for "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Dkt. #8 at 3. Plaintiff requests damages ranging from $500 million to $1 billion. Dkts. #8-3 at 5; #8-4 at 6. She also requests the Court "have these defendants come up with a better tracking system" related to assault complaints. Dkt. #8-4 at 7.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims and the underlying facts set forth in her complaints are difficult to follow due to her filing multiple, separate complaints with varying details. She does not cite any law or causes of action in her complaints other than vague descriptions of "allowed violence, negligence and discrimination" and violation of "civil rights", *see, e.g.*, Dkt. #8-2 at 6, making it unclear how this Court has jurisdiction over Plaintiff's various claims. She also provides no basis

for her request of at least $500 million in damages, which she revised to $1 billion in a separate complaint. *See* Dkt. #8-1 at 5. She has also requested that this case be "done to where it could be televised from the state that I am in due to the long distance travel . . . ." Dkt. #6 at 1.

On September 27, 2019, this Court issued an Order to Show Cause highlighting the above deficiencies and ordering Plaintiff to submit a Response within twenty-one days indicating why this case should not be dismissed. Dkt. #11. The Court ordered Plaintiff to respond with "a short and plain statement telling the Court: (1) the laws or statutes upon which her claims are based; (2) exactly what facts support each of the alleged violations of law; and (3) what specific injury Plaintiff suffered because of each alleged violation of law." *Id.* at 2-3. The Court warned that Plaintiff's Complaint suffers from deficiencies that, if not adequately addressed, would require dismissal. *Id.* (citing 28 U.S.C. § 1915(e)(2)(B)).

The Court has received Plaintiff's Response. Dkt. #12. On October 3, 2019, Plaintiff filed a document that lists the following statutes: (1) deprivation of rights under 42 U.S.C. § 1983; (2) deprivation of equal rights under 42 U.S.C. § 1981; (3) criminal contempt proceedings, penalties, and trial by jury under 42 U.S.C. § 1995; (4) discrimination in public facilities under 42 U.S.C. § 2000b-2; (5) hate crime; (6) negligence; and (7) "other causes of action to come." Dkt. #12 at 1. Plaintiff's Response provides no other information. She does not clearly connect the specific actions of any of the defendants with those laws and the damages Plaintiff incurred, nor does she describe what specific injuries she suffered because of each alleged violation of law.

The Court has reviewed the Complaint, Plaintiff's Response, and the remainder of the record and finds that Plaintiff has failed to adequately respond to the Court's Order to Show Cause. Plaintiff's request for damages ranging from $500 million to $1 billion is also frivolous. Given all of this, dismissal without prejudice is warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

ORDER OF DISMISSAL - 3

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED without prejudice.

2) This matter is CLOSED.

3) The Clerk shall terminate all pending motions in this matter.

DATED this 25th day of October 2019.

	RICARDO S. MARTINEZ
	CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4